JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (SBN 172954)
Assistant United States Attorney

    U.S. Attorney's Office/Civil Division
    450 Golden Gate Avenue, 10th Floor
    San Francisco, California 94102-3495
    Telephone:   (415) 436-7322
    Facsimile:    (415) 436-6748
    E-mail: michael.t.pyle@usdoj.gov

Attorneys for Defendant John E. Potter, Postmaster General

MINAMI TAMAKI LLP
Brad Yamauchi (SBN 73245)
360 Post Street, 8th Floor
San Francisco, California 94108
Telephone: (415) 788-9000
Facsimile: (415) 398-3887
E-mail: byamauchi@MinamiTamaki.com

Attorneys for Plaintiff Eddie Reyna

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| EDDIE REYNA, | ) | No. C 08-5526 WHA |
|     Plaintiff, | ) | |
| v. | ) | **STIPULATION AND AGREEMENT OF COMPROMISE SETTLEMENT AND [PROPOSED] ORDER** |
| JOHN E. POTTER, Postmaster General, | ) | |
|     Defendant. | ) | |

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
C 08-5526 WHA

1

## AGREEMENT OF COMPROMISE AND SETTLEMENT

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff EDDIE REYNA ("Plaintiff") and Defendant JOHN E. POTTER, POSTMASTER GENERAL OF THE UNITED STATES (hereinafter "Defendant" or "Agency"), by and through their undersigned counsel, as follows:

1. The parties do hereby agree to settle, compromise, and dismiss with prejudice *Eddie Reyna v. John E. Potter, Postmaster General of the United States et al.*, United States District Court for the Northern District of California, Case Number C 08-05526 WHA ("This Action"), under the terms and conditions set forth herein.

2. The Agency will provide Plaintiff with a corrected Form SF-50 which reflects that Plaintiff resigned from his position for personal reasons, effective as of the date of his removal and place it in the Official Personnel File of Eddie Reyna. The Agency agrees that it will remove all adverse documentation from Plaintiff's Official Personnel File, including any reference to Plaintiff's removal, and will provide a copy of the corrected Official Personnel File of Eddie Reyna to his counsel of record in this Action. The Agency will retain a copy of any documents related to the Plaintiff's removal in its Counsel's litigation file.

3. Plaintiff agrees that he will never apply to work for the United States Postal Service or any component of the United States Postal Service.

4. Plaintiff and his heirs, executors, administrators, assigns and attorneys hereby agree to accept said Agency actions, in full and final settlement and satisfaction of all of the claims raised in This Action or that could be raised in This Action under the terms and conditions set forth herein.

5. It is also agreed, by and among the parties, that neither Plaintiff nor any of his attorneys may make any claim for attorney's fees or other costs against Defendant, the United States, their agents, servants, or employees. It is also agreed, by and among the parties, that the respective parties will bear their own costs, fees, and expenses and that any attorney's fees or other costs owed by Plaintiff will be paid by solely by Plaintiff and not by Defendant.

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
C 08-5526 WHA

2

<tr/>

6.    In consideration of the Agency actions as set forth above, Plaintiff agrees that he will execute immediately upon execution of this Agreement, a Stipulation of Dismissal with Prejudice pursuant to Federal Rule of Civil Procedure 41, which stipulation shall dismiss, with prejudice, all named defendants and all claims asserted in This Action or any claims that could have been asserted in This Action. The fully executed Stipulation of Dismissal will be held by counsel for Defendant and will be filed with the Court upon completion of the actions set forth in Paragraph 2 of this Agreement. The Stipulation of Dismissal will not be filed any sooner than 10 calendar days after the full execution of this Agreement.

7.    In consideration of the Agency actions set forth above, Plaintiff and his heirs, administrators, successors or assigns hereby release and forever discharges Defendant, and any and all of its past and present officials, directors, employees, agents, attorneys, successors, and assigns, either in their official or individual capacities, from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, known or unknown, which Plaintiff may have had, may now have, or may hereafter have arising out of or in connection with any event occurring prior to the date of this Agreement, including but not limited to, any alleged violation of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Rehabilitation Act of 1973, the Family and Medical Leave Act of 1993, the Age Discrimination in Employment Act of 1967; any other claim relating to plaintiff's employment with the Agency; and any and all claims that could have been asserted in This Action.

8.    In consideration of actions to be taken by the Agency set forth above, Plaintiff further agrees that he may not and will not use or rely on the incidents and actions underlying the Complaint or the EEO Complaints underlying This Action to prove any other claims against the Defendant, the United States, or its agencies and employees, in any other administrative proceeding, state court action or federal court action.

9.    The provisions of California Civil Code Section 1542 are set forth below:

    A general release does not extend to claims which the creditor does not know or

suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by his attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that if the facts concerning Plaintiff's alleged injury and the liability of Defendant, or its directors, officers, agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by him to be true, this Agreement shall be and remain effective notwithstanding such material difference.

10. The parties acknowledge that neither this Agreement nor anything contained herein shall constitute an admission of liability or fault on the part of Defendant or its directors, officers, agents, servants, or employees. This Agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

11. This Agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this Agreement.

12. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

13. Each party acknowledges it has been represented by and has relied upon independent counsel in negotiating, preparing and entering into this Agreement and that each has had the contents of this Agreement fully explained by counsel and that each is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this Agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this Agreement.

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
C 08-5526 WHA

4

14. Plaintiff further acknowledges that he has been given twenty-one (21) calendar days within which to review and consider this Agreement and understands that he has seven (7) calendar days after signature in which to revoke his acceptance of this Agreement. Any such revocation must be made in writing and delivered to counsel for defendant on or before the seventh calendar day after plaintiff signs this Agreement. Plaintiff further represents that he is represented by counsel in this action, he has conferred with his attorney prior to executing this Agreement, he has examined and understands the provisions of 29 U.S.C. § 626(c)(1)(A-E), and that the requirements of those provisions are fully met and satisfied in connection with this Agreement.

15. If any provision of this Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

16. This Agreement shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement.

17. Plaintiff represents and warrants that he is the sole and lawful owner of all rights, title and interests in and to every claim and other matter which he purports to release herein, and that he has not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released. Plaintiff shall indemnify the Defendant, and any of its departments, components and current or former employees, whether in their official or individual capacities, against, and defend and hold harmless from, any claims arising out of or relating to any such assignment or transfer of any claims or other matters released herein.

18. The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
C 08-5526 WHA

1  This Agreement shall be binding upon and inure to the benefit of the Plaintiff and the Defendant
2  and their respective heirs, executors, successors, assigns, and personal representatives, including
3  any person, entity, department, or agency succeeding to the interests or obligations of any party
4  hereto, or having an interest herein.
5      19.    This Agreement may not be altered, modified or otherwise changed in any respect
6  except in writing, duly executed by all of the parties or their authorized representatives.
7      20.    This Agreement may be signed in counterparts, and any signature on a signature
8  page transmitted by facsimile or by PDF shall be treated the same as an original signature and
9  shall be deemed binding and fully effective.

Dated: ~~August~~ September 28, 2009  _____
                                    EDDIE REYNA

Dated: ~~August~~ Sept. 28, 2009    By: _____
                                    BRAD YAMAUCHI
                                    Attorney for Plaintiff

                                    JOSEPH P. RUSSONIELLO
                                    United States Attorney

Dated: ~~August~~ September 28, 2009 By: _____
                                    MICHAEL T. PYLE
                                    Assistant United States Attorney
                                    Attorneys for the Federal Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Dated: ~~August~~ September 29, 2009 _____
                                    WILLIAM ALSUP
                                    United States District Judge

IT IS SO ORDERED
Judge William Alsup

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
C 08-5526 WHA

6